**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lay Allen Gerdes, a single man; Lydia Marinda Barnes, a single woman,<br><br>          Plaintiffs,<br><br>vs.<br><br>GEICO Indemnity Company, a foreign corporation,<br><br>          Defendant. | No. CV-10-2165-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a Motion to Remand (Doc. 8) filed by Plaintiffs Lay Allen Gerdes ("Gerdes") and Lydia Marinda Barnes ("Barnes"). For the following reasons, the Court denies the motion.

**BACKGROUND**

Plaintiffs brought an action for declaratory relief, breach of contract, and bad faith against Defendant GEICO Indemnity Company ("GEICO") in Maricopa County Superior Court. (Doc. 1, Ex. 1). Defendant then filed to remove the case to federal court pursuant to 28 U.S.C. ¶ 1332, which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." (Doc. 1). Subsequently, Plaintiffs filed a motion to remand the action to state court. (Doc. 8). While Plaintiffs acknowledge that this Court has diversity jurisdiction and the jurisdictional minimum of

$75,000 has been satisfied, they argue that the Court should nonetheless exercise its discretion to abstain from assuming jurisdiction because of the existence of the *Brillhart* factors. (Doc. 8). Specifically, Plaintiffs allege that Defendant's removal to federal court constitutes forum-shopping because Defendant is attempting to circumvent two unfavorable state court decisions in which Defendant was a party, and which are currently pending in the Arizona Court of Appeals. They also allege that "numerous other cases pending at the state courts are indistinguishable from the issues at hand in this matter," namely Arizona's Uninsured Motorist Act, A.R.S. § 20-259.01. (Doc. 8).

## DISCUSSION

Diversity jurisdiction is not discretionary. *See First State Ins. Co. v. Callan Assoc.*, 113 F.3d 161, 162 (9th Cir. 1997); *Mincy v. Staff Leasing, L.P.*, 100 F.Supp.2d 1050, 1057–58 (D. Ariz. 2000). However, even where the parties satisfy the diversity jurisdiction standards, the Court may decline jurisdiction for declaratory relief claims under the Declaratory Judgments Act. *See* 28 U.S.C. § 2201(a) ("[A]ny court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration.") (emphasis added); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("[A] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment."). "There is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). Rather, to guide their discretion in declaratory judgment cases, Courts look at the factors set forth in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942). These factors include: 1) "needless determination of state law issues"; 2) "discourag[ing] litigants from filing declaratory actions as a means of forum shopping"; and 3) "avoid[ing] duplicative litigation." *See Dizol*, 133 F.3d at 1225 (citing *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371–73 (9th Cir. 1991) (overruled on other grounds)).

The Court need not engage in *Brillhart* analysis, as suggested by Plaintiffs, where Plaintiffs have joined their declaratory relief claim with breach of contract and bad faith

- 2 -

1 actions as well.[1] In this case, the *Dizol* decision is illustrative. *Dizol* states:

2 Because claims of bad faith, breach of contract, breach of fiduciary duty and rescission provide an independent basis for federal diversity jurisdiction, the district court is without discretion to remand or decline to entertain these causes of action. Indeed, the district court has a 'virtually unflagging' obligation to exercise jurisdiction over these claims. *Dizol*, 133 F.3d at 1225–26 n.6 (citing *First State Ins. Co. v. Callan Assoc.*, 113 F.3d 161, 163 (9th Cir.1997)).

6 The Ninth Circuit has further clarified that "when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract . . . ), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Dizol*, 133 F.3d at 1225 (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)). Plaintiffs' breach of contract and bad faith claims exist independently of their declaratory relief claim because they can be "litigated in federal court even if no declaratory claim had been filed." *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001)). Accordingly, it is also proper for the Court to exercise jurisdiction over Plaintiffs' declaratory relief claim. *See Dizol*, 133 F.3d at 1225.

15 *Chamberlain v. Allstate Insurance Co.* further illustrates the traditional view that the Ninth Circuit has taken on jurisdiction of declaratory relief actions that are joined with independent claims.[2] The Court held that jurisdiction over Allstate's declaratory relief counterclaim was appropriate since the district court already had subject matter jurisdiction over Chamberlain's bad faith claim. *Chamberlain*, 931 F.2d at 1366. Thus, the court's exercise of jurisdiction did not run afoul of the concerns expressed in *Brillhart* because the

---

[1] Even more, *Brillhart* guides the Court's discretion only where there is a "proceeding pending in the state court." *Brillhart*, 316 U.S. at 495. The defendant in *Brillhart* filed an action for declaratory relief in federal court in response to a declaratory relief action in state court. *Id*. at 492–93. Here, there are no parallel proceedings because Defendant has removed the entire case to federal court, and there is no pending state court action "presenting the same issues, not governed by federal law, between the same parties." *Id*. at 495.

[2] In *Chamberlain*, the Ninth Circuit also held that the *Colorado River* doctrine, which allows for a federal court to decline to exercise jurisdiction in "exceptional circumstances," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976), does not apply where the Declaratory Judgments Act is involved. 931 F.2d at 1366.

- 3 -

court would need to adjudicate Allstate's declaratory relief counterclaim to determine Chamberlain's bad faith suit. *Id.* at 1367. The court reasoned that adjudicating both claims in federal court would also avoid piecemeal litigation. *Id.* at 1368. Similarly, even if we refrained from exercising jurisdiction with respect to the declaratory judgment action in the present case, the bad faith and breach of contract claims would remain, and in order to adjudicate those two claims, the Court would necessarily have to consider issues of state law. Therefore, as in *Chamberlain*, adjudicating all three claims in this Court not only complies with *Dizol*, but also serves the important interest of avoiding piecemeal litigation.

## CONCLUSION

Removal to federal court was proper because the parties satisfy the amount in controversy and diversity jurisdiction requirements. Moreover, Plaintiffs' declaratory relief claim is joined with claims that can be litigated in federal court notwithstanding the declaratory relief action. This, coupled with the non-existence of a parallel proceeding in state court, justifies the exercise of jurisdiction. As such, remand to Maricopa County Superior Court is inappropriate.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand (Doc. 8) is **DENIED**.

DATED this 11th day of February, 2011.

*G. Murray Snow*
G. Murray Snow
United States District Judge